1
2
3
4                      UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7    STANISLAV ARBIT,                          Case No. 26-cv-01719-TSH
8                    Plaintiff,
9           v.                                 **ORDER GRANTING PLAINTIFF'S**
                                               **APPLICATION TO PROCEED IN**
10   META PLATFORMS, INC., et al.,             **FORMA PAUPERIS AND SCREENING**
                                               **COMPLAINT PURSUANT TO 28 U.S.C.**
11                   Defendants.               **§ 1915(E)**
12
13
14                        **I.    INTRODUCTION**
15          Plaintiff Stanislav Arbit initiated this lawsuit by filing a complaint (ECF No. 1) and
16   application to proceed in forma pauperis (ECF No. 2).  For the reasons stated below, the Court
17   **GRANTS** the application but finds the complaint deficient under 28 U.S.C. § 1915(e).  No later
18   than April 3, 2026, Plaintiff must file a first amended complaint curing the deficiencies identified
19   in this screening order.  The Court advises Plaintiff that failure to cure these deficiencies could
20   lead to dismissal of this case.
21                        **II.    BACKGROUND**
22          Plaintiff filed this action on February 27, 2026, alleging a coordinated conspiracy by at
23   least 18 named corporate and individual defendants resulting in cyber intrusions, harassment, trade
24   secret misappropriation, and trademark infringement related to his "SecurePower" venture and a
25   competitor social platform, "sssocial.app."  Plaintiff asserts federal claims under the Computer
26   Fraud and Abuse Act (18 U.S.C. § 1030), the Defend Trade Secrets Act (18 U.S.C. § 1836), and
27   trademark infringement under the Lanham Act (15 U.S.C. § 1114), along with state-law claims for
28   unfair competition (Cal. Bus. & Prof. Code § 17200), tortious interference, civil conspiracy, and

United States District Court
Northern District of California

violations of California Penal Code § 502.  The complaint names as defendants Meta Platforms, Inc. and its subsidiaries Facebook Operations, LLC, WhatsApp LLC, and Instagram LLC; Schneider Electric SE and affiliated entities Schneider Electric USA, Inc. and Schneider Electric IT Corporation; LDP Associates, Inc. and certain of its personnel; Anchor SF Coworking (Cerise Effect Inc.) and its managers; former landlords, and additional individuals, along with Doe defendants 1–10.  Plaintiff alleges alter ego relationships among the Meta entities and among Schneider Electric SE and its U.S. subsidiaries.

According to the complaint, Plaintiff worked for LDP Associates beginning in 2010 and achieved substantial sales by 2014–2015, after which he allegedly faced retaliatory threats and harassment leading to his resignation effective January 1, 2016.  Compl. at 12, 14, ECF No. 1.  He alleges subsequent interstate stalking, surveillance, and digital compromise of his devices as he relocated among several states, including during a 2016–17 contingent employment period at Meta, where he states he raised concerns about reported sustainability metrics.  *Id.* at 14, 17-18, 20, 28.  Plaintiff alleges further retaliatory acts from 2018 through 2020, including physical encounters and interference with prospective employment in New York.  *Id.* at 16.

Plaintiff alleges an overarching "corporate mobbing conspiracy" catalyzed by a trademark dispute over his registered "SecurePower" mark (Reg. No. 6417223), with defendants purportedly carrying out cyber intrusions and coordinated harassment to render him "destitute."  *Id.* at 5.  Plaintiff contends he is the registered owner of the "SecurePower" mark, registered on July 13, 2021, and that Schneider Electric's use of "Secure Power" for a business division creates reverse confusion and infringes his rights.  *Id.* at 7, 17.  He further alleges Schneider Electric previously made jurisdictional representations in separate litigation that, in his view, minimized its U.S. presence, noting Schneider Electric SE's claim to have "one office, located in France" and "only two employees."  *Id.* at 18.

Plaintiff contends that from 2020 onward, during development and marketing of SecurePower, landlords facilitated unauthorized access to his residences and devices, including during his tenancy in Santa Monica, where he also reports that on or about October 21, 2021, an unidentified individual yelled a death threat into his open window.  *Id.* at 17-19.  He alleges that in

2023, LDP's president Dennis Strieter filed a sworn declaration in separate proceedings stating he hired a "personal security team at significant cost" related to Plaintiff. *Id.* at 3, 19.

Plaintiff alleges an administrative campaign to destabilize his housing and operations during 2021–22, including a manufactured eviction by AvalonBay Communities, Inc. and its manager Angela Garcia, alleged unauthorized entries to service covert recording devices, and compromise of his devices and network. *Id.* at 19-20, 25. He further alleges a forensic event on November 5, 2024, where his mobile device performed a remote authentication while radios were disabled, which he attributes to a firmware-level compromise. *Id.* at 21.

Plaintiff alleges that between April 2021 and October 2023 he conducted fourteen targeted email campaigns totaling over 100,000 emails for SecurePower, receiving zero replies, which he attributes to targeted cyber interference designed to silently block communications while maintaining normal deliverability metrics in postmaster tools. *Id.* at 24. He alleges resulting loss of income and business opportunity consistent with earlier threats he attributes to defendants. *Id.*

In 2025, Plaintiff leased office space at Anchor SF Coworking to develop sssocial.app, where he alleges unauthorized entry by an Anchor manager, visual access to algorithms, discovery of a USB device capable of capturing keystrokes, network security downgrades, and workstation anomalies consistent with firmware compromise. *Id.* Plaintiff also alleges multiple individuals at the coworking facility functioned as covert operatives aligned with corporate defendants. *Id.* at 22.

Plaintiff describes a series of incidents of physical harassment and property tampering in late 2025 and early 2026. *Id.* at 22-23. He attaches police incident reports documenting: theft of a motorcycle cover around November 14, 2025; removal and reinstallation of a phone mount without a washer on November 26, 2025, with the removed washer later found in his locked storage unit; attempted fraudulent charges on a debit card in November 2025; forcible removal of a motorcycle turn signal between December 12–13, 2025; and theft of a phone mount with manipulation of a rear-view mirror on January 7, 2026. *Id.*, Ex. B-1, C-2, D-1, E-2, F-2.

Plaintiff seeks damages and injunctive relief, including a permanent injunction against use of "Secure Power," disgorgement, enhanced damages under the Lanham Act, statutory and

1    exemplary damages under federal and state computer statutes, restitution, and compensatory and

2    punitive damages. *Id.* at 32-33.

3                          **III.    IN FORMA PAUPERIS APPLICATION**

4           A district court may authorize the start of a civil action in forma pauperis if the court is

5    satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See*

6    28 U.S.C. § 1915(a)(1).  Plaintiff submitted the required documentation demonstrating an inability

7    to pay the costs of this action, and it is evident from the application that the listed assets and

8    income are insufficient to enable payment of the fees.  Accordingly, the Court **GRANTS** the

9    application to proceed in forma pauperis.

10                 **IV.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

11   **A.    Legal Standard**

12          A court must dismiss an in forma pauperis complaint before service of process if it "(i) is

13   frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

14   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(i)-

15   (iii).  "The standard for determining whether a plaintiff has failed to state a claim upon which

16   relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

17   12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

18   2012) (citation omitted).  As such, the complaint must allege facts that plausibly establish each

19   defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "A claim has

20   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

21   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

22   556 U.S. 662, 678 (2009).  In making this determination, the Court must "take as true all

23   allegations of material fact stated in the complaint and construe them in the light most favorable to

24   the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted).  The Court must also "construe a pro

25   se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned

26   up).  However, the Court "may not supply essential elements of the claim that were not initially

27   pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

28

United States District Court
Northern District of California

4

**B.    Application**

1.    **Rule 8**

Under the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Something labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.  To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitlement to relief." *Twombly*, 550 U.S. at 555 (cleaned up).  A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

Here, because Plaintiff represents himself, the Court must construe his pleadings liberally and afford him the benefit of the doubt. *Watison*, 668 F.3d at 1112.  However, his pro se status does not relieve him of conformity to the pleading rules. *See, e.g.*, *Romano v. U.S. Army Core of Eng'rs*, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

The Ninth Circuit recently held that "shotgun pleadings," where "a party indiscriminately incorporates assertions from one count to another," can serve as a basis for dismissal under Rule 8. *Gibson v. City of Portland*, 165 F.4th 1265, 1288–90 (9th Cir. 2026); *see id.* at 1290 ("We have a prudential obligation to clarify to district courts that in an appropriate case, like this one, they can dismiss shotgun pleadings.").  In other words, shotgun pleadings "that fail to provide the opposing parties and the district court with sufficient notice of the claims and their basis" fail under Rule 8. *Id.* at 1290.  Importantly, "district courts do not have to accept such shotgun pleadings.  It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289.

There are four main types of shotgun pleadings:

5

United States District Court
Northern District of California

(1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1288 (quoting 35A C.J.S. *Fed. Civ. Proc.* § 310 (2025) and citing 61A Am. Jur. 2d *Pleading* § 159 (2025)). "[T]he problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." *Id.* (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). "But the defendant is not the only interested party affected. '[Shotgun pleadings] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alteration in original)).

Here, Plaintiff's complaint asserts multiple claims against multiple defendants, with all but one claim asserted against "All Defendants." Although he alleges in general terms that "all Defendants" are liable for each cause of action, he does not set forth a short and plain statement showing how each defendant is liable for each claim. Blanket allegations that all defendants assisted the others to perform all alleged violations are not sufficiently specific to place the defendants on notice of the allegations against them. A plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up). As currently plead, a putative defendant would not know where to begin in responding.

Further, although Plaintiff's complaint is lengthy, it lacks sufficient detail regarding the nature of each of the alleged claims. Rather than state the allegations that are tied to each claim, Plaintiff merely "realleges and incorporates by reference the preceding paragraphs" for each cause

of action.  Again, a putative defendant would not know where to begin in responding to each claim.  *See, e.g., Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (stating that "Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling."); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").  .

Thus, to comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to allege: (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including the dates, the names of people involved, and what those people did to you; (3) how you were harmed; and (4) what relief you seek.

2.    **Joinder**

Plaintiff has listed at least 18 corporate and individual defendants in the complaint. However, it is not clear that these parties are properly joined under the Federal Rule of Civil Procedure 20.  Through Rule 20(a)(2), defendants can be joined when: (A) the right to relief is asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  The same transaction requirement of the first prong refers to the "similarity in the factual background of the claim."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  There must be a "systematic pattern of events" that the claims arise from for them to "arise from the same transaction or occurrence."  *Id.*  Here, Plaintiff alleges different legal claims for multiple defendants, many of which seem to be unrelated to each other.  Specifically, there are a variety of claims made against the defendants that appear to arise out of separate conduct, but it is not clear how they constitute a series of transactions or common questions of law or fact that tie the defendants together.  Even though Plaintiff brings all claims against all defendants, "the mere fact that all Plaintiff['s] claims arise

7

United States District Court
Northern District of California

under the same general law does not necessarily establish a common question of law or fact." *Id.* at 1351. Thus, Plaintiff is advised that he may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Importantly, Plaintiff must allege facts regarding the conduct of each defendant that he asserts gives rise to that defendant's liability.

## V.    CONCLUSION

For the reasons above, the Court **GRANTS** the application to proceed in forma pauperis but finds the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). However, given the pro se status of Plaintiff, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant Plaintiff the opportunity to file an amended complaint. Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint by April 3, 2026.

### A.    Requirements for Amended Complaint

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued. In addition, any amended complaint must include the following sections:

**Caption Page**
On the first page, list the names of the defendant(s), the case number used in this order (26-cv-01719-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.

**Form of Pleadings**
The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

**Subject Matter Jurisdiction**
The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

8

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.      Assistance for Self-Represented Litigants**

The Court encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: March 3, 2026

THOMAS S. HIXSON
United States Magistrate Judge