UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANISLAV ARBIT,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:26-cv-01719 (RFL)<br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>Re: Dkt. No. 17, 29 |

Plaintiff Stanislav Arbit, who is representing himself, filed this action against Meta Platforms, Inc. (Dkt. No. 8 ("FAC").) He alleges violations of the Federal Computer Fraud and Abuse Act, the Federal Wiretap Act, the Stored Communications Act, the Defend Trade Secrets Act, and the California Comprehensive Computer Data Access and Fraud Act, as well as trespass to chattels and intrusion upon seclusion. Meta moves to dismiss the FAC pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). (Dkt. No. 17 ("MTD").) For the reasons explained below, the Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND.**[1]

## I. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Arbit's claims principally concern events occurring between 2021 and 2026, which would be four to nine years after he stopped working at Meta. However, Arbit alleges that these events were the culmination of a "multi-year campaign of corporate cyber- espionage, retaliation, and sabotage orchestrated by Defendant Meta Platforms, Inc.," which allegedly began while he worked at Meta nearly a decade ago. (FAC ¶ 7.) The FAC alleges that in 2017, Arbit worked in Meta's infrastructure division as a contingent employee. (*Id.*) During that time, he allegedly

[1] Arbit's Administrative Motion for Leave to File a Sur-Reply is **GRANTED**. (Dkt. No. 29.)

engaged in "internal whistleblowing . . . regarding Meta's incorrect public reporting of its Power Usage Effectiveness (PUE) and Water Usage Effectiveness (WUE)." (*Id.* ¶ 9.) After the whistleblowing incident, Arbit allegedly concluded that he was being tracked by Meta, based on three incidents: First, Arbit's direct manager at Meta allegedly commented on a 4:00 a.m. run that Arbit had taken. (*Id.* ¶ 10.) Second, Arbit alleges that during the same time period, his bag and wallet were rummaged through while at work. (*Id.* ¶ 11.) Finally, the FAC alleges that after his contract ended, "corporate operatives utilizing pretexting contacted [Arbit] on Linkedin posing as a 'reporter' seeking to discuss his time at Facebook." (*Id.*)

The FAC alleges that Arbit now operates a codebase and data center equipment enterprise that are allegedly a competitive threat to Meta. (*Id.* ¶¶ 8, 12.) Arbit alleges four "cyber-espionage" incidents he attributes to Meta's efforts to disrupt his business. These alleged incidents are the basis for Arbit's claims. First, in mid-2021, Arbit allegedly noticed a keylogger operating on his laptop and at the same time, he alleges that he was contacted by a Meta representative via his personal phone and via email from a suspicious domain. (*Id.* ¶¶ 14–15.) He further alleges that the email was deleted after its receipt. (*Id.* ¶ 15.) Second, between 2021 and 2026, Arbit alleges that his outbound emails were monitored, intercepted, and deleted, causing him to lose his prospective client base and destroying his business communications. (*Id.* ¶¶ 18–19.) Third, Arbit alleges that on November 5, 2024, his forensic logs captured a handshake on his phone causing his Wi-Fi and Bluetooth to be disabled. (*Id.* ¶ 20.) He further alleges that in late 2025, individuals acting on Meta's behalf physically accessed his workstation and installed a Bluetooth hardware interceptor. (*Id.* ¶¶ 21–22.) Arbit alleges that he experienced a network disruption during a live client meeting, allegedly demonstrating Meta's surveillance of his activities. (*Id.* ¶ 23.)

The FAC does not contain any factual allegations connecting the events in 2017 to the recent alleged events, nor does the FAC contain any non-speculative factual allegations suggesting that Meta participated in the alleged events between 2021 and the present.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss, a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citation omitted). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (citation omitted). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor. *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

Because Arbit is proceeding without representation by a lawyer, the Court must construe the complaint liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

## III. ANALYSIS

The FAC does not state a claim for relief because Arbit fails to plausibly allege that Meta

participated in any of the alleged events from which his claims arise. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the *Defendant* is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (emphasis added); *see also*, *e.g.*, *Awasthi v. Intel Corp.*, No. 24-cv-05621-WHO, 2025 WL 1892543, at *3 (N.D. Cal. July 9, 2025) (granting a motion to dismiss where the complaint did not plausibly allege that any events had occurred "at the direction of" defendant Intel or that Intel "had committed fraud").

While the FAC describes Arbit's suspicion that Meta is behind the alleged cyber-espionage incidents, the factual allegations do not plausibly support this conclusion. For example, Arbit alleges that in 2021, a Meta representative contacted him soon after Arbit had discovered the keylogger operating on his laptop. (FAC ¶ 15.) However, the FAC does not plausibly describe how the alleged keylogger was connected to the emails and calls from Meta, which allegedly related to an offer to work with Arbit's company. (*Id.*) And while the FAC alleges that the sender's email domain was connected to a website that claimed to assist law enforcement in bringing "'extortionists' to justice" (*id.*), this allegation does not give rise to a plausible inference that Meta was surveilling Arbit, without more. The other alleged suspicious online activity described in the FAC, such as Arbit's emails being intercepted, monitored, and deleted, his workspace being physically tampered with, and the network disruptions, suffer from the same deficiency. (*Id.* ¶¶ 18–21, 23.) None of these allegations is plausibly connected to Meta, as currently pled.[2]

Arbit argues that Meta must be behind the alleged incidents because a typical cybercriminal seeks "liquid assets, cryptocurrency, or easily monetizable identity theft;" in

[2] Arbit requests judicial notice of various court filings and news reports. (Dkt. Nos. 25-1 to 25-8.) The request is **GRANTED**. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record"). However, nothing in the exhibits impacts the analysis described above. Furthermore, given the early stage of the case the "Court exercises its discretion and declines to convert [Meta's] motion to dismiss into a motion for summary judgment." *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014).

contrast, the intruders did not go into his bank accounts, they engaged in "corporate sabotage" and stole "complex social media source code." (Opposition at 8.) But even crediting the limited allegations of Arbit's history with Meta and its employees in 2017, Arbit fails to plausibly allege that it was Meta—and not some other sophisticated bad actor—that engaged in the alleged misconduct between 2021 and the present. There is no non-speculative connection between Arbit's alleged whistleblowing at Meta in 2017 and the alleged incursions beginning four years later. Arbit's status as an alleged competitive threat, standing alone, is not sufficient to plausibly bridge that gap. Arbit's allegations "stops short of the line between possibility and plausibility," and therefore fail to state a claim for relief. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1399 (2026) (citation omitted).

Because the FAC does not plausibly plead that Meta participated in any alleged misconduct, Arbit's claims against Meta necessarily fail. For example, Arbit's Wiretap Act claim requires a showing that Meta "intentionally intercept[ed]" or "endeavor[ed] to intercept," Arbit's communication, 18 U.S.C. § 2511(1)(a), but there are no non-conclusory allegations that Meta engaged, directly or indirectly, in any such interception or attempted interception. As another example, Arbit's Federal Computer Fraud and Abuse Act requires him to allege that Meta "intentionally accesse[d] a computer without authorization," 18 U.S.C. § 1030(a)(2), but there are no non-conclusory allegations that Meta accessed Arbit's computers, directly or indirectly. In sum, the FAC fails to state a claim against Meta. Fed. R. Civ. P. 12(b)(6).[3]

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND**, since the Court cannot conclude that amendment would be futile. If Arbit wishes to file an amended complaint attempting to correct the deficiencies identified above, he shall do so by **<u>August 28, 2026</u>**. The amended complaint may not add new claims or parties, or otherwise

[3] Because the FAC is dismissed for failure to state a claim, this order does not reach Meta's alternative arguments in its Motion to Dismiss.

change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. Because an amended complaint completely replaces the previous complaint, Arbit must include, in his amended complaint, all the claims he wishes to present and all the facts he wishes to allege. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from any prior complaint by reference. If no amended complaint is filed by that date, the complaint will remain dismissed with prejudice, judgment will be entered in favor of Meta, and the case will be closed.

Arbit has attached a Proposed Second Amended Complaint to his opposition to Meta's Motion to Dismiss, and, via declaration, seeks leave to amend in the alternative. (Dkt. No. 25-9 to 25-11.) As already discussed, dismissal is with leave to amend. However, Arbit is advised that the additional factual allegations in the Proposed Second Amended Complaint do not appear likely to be sufficient to cure the defect described in this order because they do not plausibly allege Meta's participation in the alleged misconduct.

**IT IS SO ORDERED.**

Dated: July 31, 2026

RITA F. LIN
United States District Judge